UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFREY S. LYNN,<br><br>                Plaintiff,<br><br>v.<br><br>NATHAN STREGE; JEFFREY SCHRAEDER; MARCIE BLACK; BREE DERRICK; IDAHO DEPARTMENT OF CORRECTION; BRIAN UNDERWOOD; BONNER COUNTY COMMISSIONERS; BONNER COUNTY DETENTION CENTER; BONNER COUNTY SHERIFF DARYL WHEELER; LT. NEWSOM; NURSE CHUCK FRENCH; NURSE AMANDA OZBUN; DR. GEYMAN; SANDPOINT POLICE DEPARTMENT; SERGEANT MIKE HUTTER; RAUL LABRADOR; BLAKE LOPEZ; and CITY OF SANDPOINT,<br><br>                Defendants. | Case No. 1:25-cv-00639-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Clerk of Court conditionally filed Plaintiff Jeffrey S. Lynn's Complaint because of Plaintiff's status as an inmate. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.     Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional

claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

**2.      Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at the Idaho State Correctional Center. Some of Plaintiff's claims arose when he was out on parole, and others arose when Plaintiff was held in the Bonner County Detention Center.

In November 2023, Plaintiff was at an appointment with his parole officer, Defendant Nathan Strege. Strege accused Plaintiff of violating parole and arrested Plaintiff. While handcuffing Plaintiff, Strege allegedly kicked Plaintiff's leg out from his side "farther than it was supposed to be spread." *Compl.*, Dkt. 2, at ECF p.6. Plaintiff felt a "pop" and a warm sensation.

Plaintiff was taken to the Bonner County Detention Center. Plaintiff was not medically screened upon his arrival, even though Defendant Nurse French walked right past Plaintiff. Plaintiff sought medical attention the next day, and was told by Defendant Nurse Ozbun that Plaintiff could have aspirin or Tylenol from the "med cart." *Id*. at 7–8.

Unsatisfied with this response, Plaintiff again sought medical treatment. Nurse Ozbun asked Plaintiff for more information via the medical kiosk but closed the request after Plaintiff failed to respond in time.

Defendant Dr. Geyman ordered an x-ray of Plaintiff's injury, but there was a delay. Plaintiff was given the x-ray 35 days later. *Id*. at 8–9.

Plaintiff was later found guilty of violating his parole. Plaintiff claims Defendant Strege falsified evidence and committed perjury at the violation hearing. *Id*. at 11. Plaintiff was then transferred to IDOC custody.

Plaintiff claims that he received "excellent medical help" at the prison. Plaintiff is currently awaiting surgery for an inguinal hernia. *Id*. at 12.

Plaintiff sues a number of individuals, such as Strege, Ozbun, French, Geyman, and others, as well as the Bonner County Sheriff. Plaintiff also sues several entities, including the City of Sandpoint, the Bonner County Detention Center, and the IDOC.

3.   **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

Plaintiff appears to assert his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

"if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, jail or prison officials and medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity such as the City of Sandpoint or Bonner County Detention Center, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694

(1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or

damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

      A.     ***Excessive Force Claim against Defendant Strege***

Plaintiff alleges that Strege used excessive force against him when he arrested Plaintiff for the parole violation. Such claims are analyzed under the Fourth Amendment, which prohibits unreasonable searches and seizures.

The Fourth Amendment requires that officers use only an amount of force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal quotation marks omitted).[1] "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," and whether an officer's use of force was objectively reasonable is based on the totality of the circumstances. *Id.* at 396 (internal quotation marks and citation omitted).

The reasonableness inquiry requires "balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053–54 (9th Cir. 2007) (internal quotation marks omitted). When analyzing excessive force claims, courts must consider several factors in this balancing test.

---

[1] Although the excessive force reasonableness standard is an objective test, it must not be confused with the standard for negligence claims under state law, as negligence is not actionable under § 1983. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.") (internal quotation marks omitted).

First, the "quantum of force" used by the police must be assessed. *Id*. at 1054. Second, the governmental interests at stake must be balanced against the quantum of force used. The Court must analyze the governmental interests in light of the following factors: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Id*.

The Supreme Court has emphasized that courts must not rely on their own hindsight in determining whether the use of force was reasonable. Rather, the "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

The Complaint does not contain sufficient allegations to permit a reasonable inference that Defendant Strege used excessive force when kicking Plaintiff's leg to the side while arresting him. The Complaint alleges, at most, that Strege might have been negligent in doing so, which does not state a colorable § 1983 claim. Further, the Complaint does not contain sufficient allegations with respect to the governmental interest factors involved in the analysis. Accordingly, this claim is implausible.

### B. *Medical Treatment Claims*

Pretrial detainees have a due process right to adequate conditions of detention, including adequate medical treatment.[2] *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010), *abrogated on other grounds by Castro*, 833 F.3d 1060. A due process violation occurs when the conditions to which the detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Conditions-of-detention claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

Negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property" under the Due Process Clause of the

---

[2] Convicted prisoners have a similar right under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court will assume that Plaintiff, who was in custody on a parole violation charge at the time these claims arose, should be considered a pretrial detainee for purposes of his medical treatment claims.

Fourteenth Amendment. *Castro*, 833 F.3d at 1071 (en banc) (internal quotation marks omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence is not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of inadequate medical treatment must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

Like Plaintiff's Fourth Amendment claim against Defendant Strege, his due process claims of inadequate medical care are implausible because the Complaint alleges negligence at most on the part of Plaintiff's individual medical providers or Bonner County jail officials. There is simply nothing in the Complaint to plausibly suggest that any of these Defendants acted with reckless disregard.

Further, the Complaint fails to state a colorable due process claim against the supervisory Defendants, such as the Director of the IDOC and the Bonner County Sheriff. These Defendants were not personally involved in Plaintiff's medical treatment, nor does the Complaint plausibly suggest that they knew of the allegedly inadequate medical treatment and failed to remedy the problem.

Finally, the Complaint does not state a medical-treatment claim upon which relief may be granted against the entity Defendants. The Complaint does not give rise to a plausible inference that any of these entities had a policy, practice, or custom of denying or delaying adequate medical treatment. Accordingly, Plaintiff's due process claims are implausible.

### C. *Claims Challenging Plaintiff's Parole Revocation*

At least some of Plaintiff's claims allege constitutional violations in the course of Plaintiff's parole revocation proceedings. These claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that, if success on a civil rights claim would necessarily imply the invalidity of the plaintiff's criminal conviction, the plaintiff must first show that the conviction has already been overturned, invalidated, or otherwise called into question. *Id.* at 486–87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus …."). To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted) (quoting *Heck*, 512 U.S. at 487).

Here, it appears that Plaintiff is incarcerated because his parole was revoked in the very revocation proceeding that he challenges. If Plaintiff were to succeed on his claims that he was denied constitutional rights in those proceedings, it would necessarily imply that the revocation is invalid. Therefore, to proceed on his civil rights claims in this case,

Plaintiff must establish that his conviction has already been overturned. Because the Complaint does not do so, Plaintiff's claims are barred by *Heck*.

In any amended complaint, Plaintiff must explain the status of his state court conviction and parole revocation and explain how the revocation proceedings of which he complains relate to his current incarceration.

### D.     Claims against the IDOC

Plaintiff's claims against the IDOC are implausible for additional reasons. First, states and state entities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, even if the IDOC were a "person" for purposes of § 1983, it would be immune from suit in federal court under the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Quern v. Jordan*, 440 U.S. 332, 342–44 (1979) (holding that § 1983 does not waive state sovereign immunity); *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (holding that Idaho itself has not waived state sovereign immunity for constitutional claims). Therefore, Plaintiff should omit claims against the IDOC from any amended complaint.

**4.     Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880

F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. § 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a Fourth or Fourteenth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing Plaintiff can meet the *Monell* requirements as to the entity Defendants, as explained above.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-

existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

  Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P. 41(b).

DATED: March 4, 2026

B. Lynn Winmill
U.S. District Court Judge

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g). *Spencer v. Barajas*, 140 F.4th 1061, 1066 (9th Cir. 2025).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 16